IN THE SUPREME COURT OF THE STATE OF DELAWARE

MANUEL NIEVES,              §
                           §    No. 108, 2015
    Defendant Below,        §
    Appellant,              §    Court Below—Superior Court
                           §    of the State of Delaware in and
    v.                      §    for New Castle County
                           §
STATE OF DELAWARE,          §    Cr. ID No. 0107022700
                           §
    Plaintiff Below,        §
    Appellee.               §

Submitted: June 17, 2015
Decided: September 1, 2015

Before **VALIHURA**, **VAUGHN** and **SEITZ**, Justices.

### O R D E R

This 1st day of September 2015, upon consideration of the appellant's opening brief and the appellee's motion to affirm under Supreme Court Rule 25(a), it appears to the Court that:

(1)    The appellant, Manuel Nieves, filed this appeal from the Superior Court's February 9, 2015 summary dismissal of his eighth motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61"). The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Nieves' opening brief that the appeal is without merit. We agree and affirm.

(2)     In 2002, a Superior Court jury convicted Nieves of thirty-two criminal offenses, including twenty counts of first degree rape. The Superior Court sentenced Nieves to more than three hundred years of mandatory imprisonment. In 2003, this Court affirmed the Superior Court's judgment on direct appeal.[1] Since that time, Nieves has filed eight motions for postconviction relief, all of which were denied or dismissed.

(3)     When dismissing Nieves' eighth motion for postconviction relief, the Superior Court found that the motion "provide[d] little more than matters which were previously adjudicated." The Superior Court ruled that "it will no longer continue to review and adjudicate claims which have already been adjudicated." Also, the Superior Court directed the Prothonotary to reject any future motions for postconviction relief filed by Nieves if the court "determines the motion is merely duplicative of past motions." This appeal followed.

(4)     On appeal, Nieves claims, as he did in his postconviction motion, that his trial counsel was ineffective. Also, Nieves claims that he is entitled to a sentence modification under 11 *Del. C.* 3901(d) as recently

---

[1] *Nieves v. State*, 2003 WL 329589 (Del. Feb. 11, 2003).

2

amended.[2] Nieves claims that the Superior Court erred when it summarily dismissed his eighth postconviction motion.

(5) Having reviewed the parties' submissions on appeal and the Superior Court record, the Court concludes that Nieves' eighth motion for postconviction relief was subject to summary dismissal under Rule 61(d)(5).[3] Nieves' sentence modification claim was not cognizable under Rule 61.[4] Also, Nieves' ineffective assistance of counsel claim was no different than the claim he raised in his first motion for postconviction relief filed on June 8, 2004. On July 27, 2004, Nieves' trial counsel filed an extensive and detailed affidavit in response to the claim. By order dated August 16, 2004, the Superior Court denied the claim as without merit, and on appeal this Court affirmed.[5] The Court concludes that the ineffective assistance of counsel claim raised in Nieves' eighth motion for

---

[2] Del. Laws, ch. 297, § 1 (2014) (codified at 11 *Del. C.* § 3901(d)). The amendment, which became effective July 9, 2014, allows for concurrent terms of confinement.

[3] The Superior Court summarily dismissed Nieves' motion under Rule 61(d)(4). Effective June 4, 2014, Rule 61(d)(4) was renumbered as Rule 61(d)(5).

[4] Rule 61 governs the procedure of an application by a person in custody seeking to set aside the judgment of conviction or a capital sentence. Del. Super. Ct. Crim. R. 61(a)(1) (2014).

[5] *State v. Nieves*, 2004 WL 1874669 (Del. Super. Aug. 16, 2004), *aff'd*, 2005 WL 1874669 (Del. May 18, 2005).

3

postconviction relief was barred as formerly adjudicated under Rule 61(i)(4)[6] and (5).[7]

(6)   We endorse the Superior Court's rejection of any future motions for postconviction relief filed by Nieves if the court "determines the motion is merely duplicative of past motions." This Court also does not intend to continue to invest scarce judicial resources in addressing repetitive claims. If Nieves continues to file appeals from the denial of repetitive and meritless claims regarding his convictions in this case, he risks being enjoined from filing such appeals in this Court without first seeking leave of the Court.[8]

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

---

[6] Rule 61(i)(4) (2014) (barring formerly adjudicated claim).

[7] Effective June 4, 2014, under Rule 61(i)(5), a formerly adjudicated claim under Rule 61(i)(4) is barred unless the claim satisfies the pleading requirements of Rule 61(d)(2)(i) or (ii), which require that the movant plead with particularity the existence of new evidence "that creates a strong inference" of actual innocence or a new rule of constitutional law that is retroactively applicable.

[8] *E.g.*, *Evans v. State*, 2015 WL 214057, at *2 (Del. Jan. 14, 2015); *Biggins v. State*, 2011 WL 2731214, at *1 (Del. July 11, 2011); *Epperson v. State*, 2006 WL 1547975, at *1 (Del. June 5, 2006).

4